IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**VINCENT PORTMAN JR.,**

       **Plaintiff,**

v.                                            Civil Action No.: 1:15cv229
                                                    (Judge Keeley)

**UNITED STATES OF AMERICA**

       **Defendant.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On December 11, 2015, the *pro se* Plaintiff, initiated this case by filing a complaint pursuant to the Federal Tort Claims Act ("FTCA"), together with a Motion for Leave to Proceed Without Prepayment of Fees. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

### II. THE COMPLAINT

The Plaintiff's complaint is less than a model of clarity. However, it would appear that on June 7, 2015, while housed at the Huttonsville Correctional Center ("HCC"), he was assaulted by an unnamed individual. It would further appear that he is alleging that a second assault occurred almost immediately thereafter while he was in the medical unit. The Plaintiff claims that he was denied the right to make a statement regarding the initial assault. The Plaintiff further claims that "medical" did not help him control the bleeding and provided no pain management. It would appear that as the result of the assault(s), his lower

right molar was extracted and a titanium plate and screw were implanted in his gum line in three positions to support wiring.  Id. at 8. Finally, it appears that he is alleging that due to the incompetent medical care he received at HCC, he spent three months at the infirmary at Mount Olive Correctional Center ("MOCC") and was placed back into general population before receiving full medical treatment.  For relief, the Plaintiff prays that he be awarded $200,000 in damages and a reprieve or repeal of his sentence.  ECF No. 1.

## II.  Standard of Review

Because the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  However, the Court must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).   A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous.  See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are  "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).  This includes claims in which the plaintiff has little or no chance of success.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. ANALYSIS

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme through which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.

Plaintiff's FTCA Complaint is fatally deficient in that, Plaintiff fails to allege any act of negligence by an employee of the federal government. Except as the FTCA alters the traditional rule of sovereign immunity, the United States cannot be called to task for torts of its agents (*Doe v. United States*, 838 F.2d 220 , 221 (7th Cir. 1988)). Section 1346(b) waives that immunity as to damage actions against the United States:

> For an injury or loss of property, or personal injury or death caused by the negligent or wrongful action or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to claimant in accordance with the law of the place where the act or omission occurred.

As " employee of the Government" is used in Section 1346(b), that term includes officers and employees of any federal agency but excludes "any contractor with the United States" (Section 2671). All five numbered paragraphs in the Plaintiff's complaint section entitled "Claim," levy charges only against unnamed DOC employees. Accordingly, the Plaintiff's Complaint identifies no wrongful conduct on the part of any federal agency or

employee. Instead, Plaintiff's only grievance is with the Division of Corrections and its employees, and none of those are a federal agency or federal employee.

To the extent the Complaint may be read to allege tortious conduct by the State or DOC officials, Plaintiff's correct form of remedy is through a state action in the appropriate court.[1] In the alternative, to the extent the Plaintiff is alleging deliberate indifference on the part of DOC correctional officers or medical staff, he must first exhaust his administrative grievances[2] and then file a civil rights claim pursuant to 42 U.S.C. § 1983. However to maintain *this* action, the Plaintiff must allege wrongful conduct on the part of a federal employee or agency. Having failed to do so, the Plaintiff has no viable claim for relief under FTCA.

## IV.  RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the Plaintiff's complaint under the FTCA be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. It is further recommended that the Plaintiff's Motion to leave to proceed *in forma pauperis* [ECF No. 2] be **DISMISSED AS MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which the objections are made, and the basis for such objections.

---

[1] It appears that the Plaintiff has filed a claim with the West Virginia Court of Claims for reimbursement of property that was damaged while in the possession of HCC staff. ECF No. 1 at 2.

[2] The only grievance attached to the complaint which has been exhausted concerns an assertion by the Plaintiff that his CD player and head phones were damaged while he was in "medical." ECF No. 1-1 at 2.

4

A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this court based upon such Recommendation.** 28 § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984). The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 20, 2016.

*/s Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE