IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**VINCENT RICARDO PORTMAN, JR.,**

    **Petitioner,**

**v.**                                **CIVIL ACTION NO. 1:15CV229**
                                                 **(Judge Keeley)**

**HUTTONSVILLE DEPARTMENT OF**
**CORRECTIONS,**

    **Respondent.**

**ORDER VACATING PRIOR DISMISSAL [DKT. NO. 16], DENYING**
**MOTION TO APPOINT COUNSEL [DKT. NO. 23], AND ADOPTING**
<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14]**</u>

On December 11, 2015, the plaintiff, Vincent Ricardo Portman, Jr. ("Portman"), filed a complaint in which he alleged claims under the Federal Tort Claims Act (Dkt. No. 1). On June 20, 2016, the Honorable Robert W. Trumble, United States Magistrate Judge, issued a Report and Recommendation ("R&R") that recommended dismissing Portman's complaint with prejudice (Dkt. No. 14).

Portman received the R&R on June 22, 2016 (Dkt. No. 15). His objections therefore were due within 14 days (Dkt. No. 14 at 4–5). On July 12, 2016, after waiting more than 17 days, the Court adopted the R&R and dismissed the case (Dkt. No. 16). Thereafter, on July 18, 2016, the Court received a motion from Portman, allegedly mailed on July 11, 2016, asking "for a [sic] extension on a proper mechanism of clarity." (Dkt. No. 18 at 1). Portman also requested "court appointed counsel." <u>Id.</u>

**ORDER VACATING PRIOR DISMISSAL [DKT. NO. 16], DENYING MOTION TO APPOINT COUNSEL [DKT. NO. 23], AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14]**

The Court denied his request for counsel, but it construed his motion as a request to extend the time to object to the R&R, granted the motion, and ordered him to file objections to the R&R no later than August 17, 2016 (Dkt. No. 20). On August 18, 2016, the Court received a letter from the plaintiff that had been postmarked on August 15, 2016 (Dkt. No. 23), in which Portman stated, among other things, that he did "on the fact object [to] the dismissal of the case." In addition, the plaintiff suggested that there "was and is a breakdown in communication, for the reason I need sufficient counsel." Id.

"The Court will review de novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is made . . . and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (2009) (citing Howard's Yellow Cabs, Inc. v.

**PORTMAN V. HUTTONSVILLE**                                    **1:15CV229**

**ORDER VACATING PRIOR DISMISSAL [DKT. NO. 16], DENYING
MOTION TO APPOINT COUNSEL [DKT. NO. 23], AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14]**

United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997)). Further, failure to raise "any specific error of the magistrate's review" waives the claimants right to a de novo review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). Likewise, "general and conclusory" objections to the magistrate's R&R do not warrant a de novo review by the District Court. Id. (citing Howard's Yellow Cabs, 987 F. Supp. at 474); see also Green v. Rubenstein, 644 F. Supp. 2d 723 (S.D.W. Va. 2009). Indeed, failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

Here, the Court reopened the plaintiff's case and extended his time in which to file objections to the R&R (Dkt. No. 20). In a letter received the day after the plaintiff's objections were due, he informed the Court that he did "on the fact object [to] the dismissal of the case" and needed "sufficient counsel" (Dkt. No. 22). The plaintiff's "general and conclusory" objection to dismissal does not raise "any specific error as to the magistrate's review." Therefore, the Court is under no duty to conduct a de novo review of the magistrate's findings.

**ORDER VACATING PRIOR DISMISSAL [DKT. NO. 16], DENYING
MOTION TO APPOINT COUNSEL [DKT. NO. 23], AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14]**

The Court **VACATES** its prior dismissal (Dkt. No. 16), but upon review of the R&R and the record, **ADOPTS** the opinion of the Magistrate Judge for the reasons discussed in the R&R (Dkt. No. 14). Therefore, the Court:

1. **ADOPTS** the R&R (Dkt. No. 14);

2. **DENIES AS MOOT** the plaintiff's motion to proceed in forma pauperis (Dkt. No. 2); and

3. **DISMISSES** this civil action **WITH PREJUDICE** and **ORDERS** that it be **STRICKEN** from the active docket of this Court.

To the extent that Portman's reference to his need for "sufficient counsel" can be interpreted as another request that the Court appoint counsel to represent him (Dkt. No. 23), the Court **DENIES** that request for the same reasons discussed in its previous order (Dkt. No. 20).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and to the pro se plaintiff by certified mail, return receipt requested.

DATED: October 7 2016.

>                                         /s/ Irene M. Keeley
>                                         IRENE M. KEELEY
>                                         UNITED STATES DISTRICT JUDGE